Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C ~~50049~~ 50409 | **DATE** | 7/2/2004 |
| **CASE TITLE** | Mesich vs. Boone County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion to dismiss and dismisses all counts of the amended complaint. Plaintiff is given 30 days from the date of this order to file an amended complaint. The failure to do so will result in dismissal of the amended complaint with prejudice without further notice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 0 2 2004 date docketed | 25 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 7-2-04 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, William Mesich, brought pro se a five-count suit against defendants, Boone County, John Hare, Duane Wirth, Matt Stenger, Tom Giesecke, Ozare Hunt, Marc Rupert, and Kim Lieder, pursuant to the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution in addition to 42 U.S.C. §1983 and §1985. Wirth is the sheriff and the other individual defendants are employees at the Boone County jail. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343. Defendants move to dismiss counts I-III in their entirety pursuant to Fed. R. Civ. P. 12(b)(6), contending that plaintiff has failed to state a claim upon which relief can be granted. Defendants also move to dismiss defendants Giesecke, Hunt, Stenger, and Wirth from counts IV and V, pursuant to Rule 12(b)(6). Plaintiff, who is represented by stand-by counsel, has not filed a response despite an order reminding him of the lack of such response and that the motion to dismiss had been taken under advisement.

On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in the non-movant's favor. Vorhees v. Naper Aero Club, Inc. et al., 272 F.3d 398, 401 (7th Cir. 2001). A complaint should be dismissed where it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle her to relief. Mattice v. Mem'l Hosp. of S. Bend, 249 F.3d 682, 684 (7th Cir. 2001).

Plaintiff's factual contentions are that he was arrested and detained in Boone County three times between February 1999 and May 2003, all for different criminal conduct. During his first detention, in 1999, he was reprimanded for not taking his medication immediately upon receiving it, spending three days in solitary confinement as consequence and receiving a reduction in his "good time." When his reduction in "good time" punishment was lessened, defendant Hare got upset.

During his second detention, in September 2001, plaintiff's "right wrist was broken." He was also questioned by Officer Ball (who is not a named defendant) and "another officer" outside of the jail for 30-45 minutes after requesting counsel be present. Defendants (plaintiff fails to specify which defendants) thereafter retaliated by conspiring to injure plaintiff because he exercised rights and privileges to petition the jail administration regarding the conditions of his confinement and also because he embarrassed defendant Hare in 1999 when he negotiated a reduction in his "good time" penalty. The contended retaliation included putting plaintiff in the "Drunk Tank" after he refused to submit fingerprints, forcefully taking his fingerprints, and causing injury.

During his third detention in November 2001 through May 2003, plaintiff was placed in single cell isolation and later transferred to the new Boone County jail, where he was kept in "lock down" for 18 or more hours a day. On August 22, 2002 plaintiff was attacked in the new jail's "day room" by prisoner Chris Njos. On August 24, 2002 Njos attacked plaintiff again, this time at the direction of prisoner Josh Bye, neither of whom are named defendants, with defendants Giesecke, Hunt, and Stenger having known or reasonably should have known that the two men presented a severe threat to plaintiff. Plaintiff alleges defendants Giesecke, Hunt, and Stenger were indifferent to plaintiff's safety or held actual malice towards him. On November 12, 2002, while in the Boone County Courthouse lockup, Njos and Bye again attacked plaintiff when they shared a cell with him.

In count I, plaintiff contends the defendants (plaintiff fails to specify which defendants) conspired to deprive him of his civil rights pursuant to 42 U.S.C. §1985, that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by not protecting him from other inmates, and violated his First Amendment right to be free from retaliation for filing his "earlier" grievance, which presumably is the 1999 grievance he used to seek a reduction in his "good time" penalty. Plaintiff also alleges his Fourth Amendment right to be free from an unreasonable search and seizure was violated.

Plaintiff has not stated an allegation of conspiracy. See Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002). In the alternative, the Constitutional violation plaintiff asserts for retaliation is not cognizable because he has not set forth a chronology of events from which retaliation may plausibly be inferred. Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000). The Eighth Amendment violation plaintiff asserts is also not cognizable because a pretrial detainee is protected by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment, which applies only to convicted persons. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). Likewise, plaintiff's contention that his Fourth Amendment right against an unreasonable search and seizure was violated is also not cognizable. The Fourth Amendment prevents police from searching and seizing private areas without a warrant absent probable cause. Wallace v. Batavia Sch. Dist. 101, 68 F.3d 1010, 1012 (7th Cir. 1995). Plaintiff at no time alleges he was searched, arrested, or otherwise seized by any of the defendants without probable cause. Consequently, it cannot be said that he was detained in Boone County detention facilities in violation of the Fourth Amendment. For the reasons stated, defendants' motion to dismiss plaintiff's Count I in its entirety pursuant to Rule 12(b)(6) is granted.

In Count II, plaintiff alleges defendants Hare, Giesecke, Hunt, Stenger, Lieder, and Rupert violated his civil rights in that they denied him of his Fourteenth Amendment rights to equal protection and due process, that they violated his Eighth Amendment right to be free from cruel and unusual punishment, and that they violated his Fourth Amendment right to be free from an unreasonable search and seizure. Plaintiff also alleges somebody named "Darley" violated his rights in these manners, but does not state who "Darley" is or mention his/her name in any other part of the complaint. As a result, Count II and its claims are all dismissed as they pertain to "Darley."

As for the remaining defendants in the count, plaintiff's equal protection claim fails because he has not alleged that the defendants intentionally treated him differently because of his membership in the class to which he belonged. See Schroeder v. Hamilton Sch. Dist. et al., 282 F.3d 946, 950 (7th Cir. 2002). Plaintiff also re-alleges his Eighth Amendment, Fourth Amendment, and retaliation claims from Count I. For the reasons stated in Count I, plaintiff has not met his burden of stating a claim for which relief can be granted. For the reasons stated, defendants' motion to dismiss plaintiff's Count II in its entirety pursuant to Rule 12(b)(6) is granted.

In Count III, plaintiff alleges defendants (plaintiff fails to specify which defendants) retaliated against him, violated his Fourteenth Amendment right to due process, his First Amendment right to free speech and assembly, and his Eighth Amendment right to be free from cruel and unusual punishment.

As stated earlier, plaintiff has not properly alleged retaliation. See Zimmerman, 226 F.3d at 573. Plaintiff also re-alleges his Eighth Amendment argument from Counts I and II in Count III. For the reasons stated in Counts I and II, plaintiff has not alleged an Eighth Amendment violation in Count III.

Pursuant to the Due Process Clause of the Fourteenth Amendment, plaintiff alleges defendants kept him in solitary confinement "for a period of one year and three months." A pre-trial detainee may make a claim for violation of due process where detention becomes the equivalent of punishment before conviction. Zames v. Rhodes, 64 F.3d 285, 289 (7th Cir. 1995); Henderson, 196 F.3d at 845. The standard for analyzing a pretrial detainee's Fourteenth Amendment due process claim is identical to the standard employed in evaluating a convicted inmate's Eighth Amendment claim of cruel and unusual punishment. McRoy v. Sheahan et al., 2004 WL 1375527 at *2 (N.D.Ill. Jun. 17, 2004). Here, even applying the liberal standard under Rule 12(b)(6), the court cannot discern the nature of plaintiff's claim as it pertains to his stay in solitary confinement. A bare-bones allegation of solitary confinement does not give rise to a Fourteenth Amendment claim. While plaintiff alludes to certain conditions of confinement while in the "drunk tank," his claim in Count III does not appear to be based on that confinement. For the reasons stated, defendants' motion to dismiss Count III pursuant to Rule 12(b)(6) is granted.

In Count IV, plaintiff contends that the sheriff and the County are liable under Illinois law for the battery he sustained by other prisoners. However, no authority exists under Illinois law to hold the sheriff, personally or in his official capacity, or the County, liable for battery by fellow prisoners. No authority exists especially where there is no allegation that the sheriff had a personal involvement in the battery or that the County had an official policy that fostered it. See McRoy v. Sheahan et al., 2004 WL 1375527 at *5. A sheriff must be aware of the conduct, somehow enable it, approve of it, or pretend it does not exist to be personally involved. McRoy, 2004 WL 1375527 at *5. Because plaintiff has not made such an allegation, Count IV is dismissed in its entirety.

In Count V, plaintiff contends that the sheriff, in his personal and official capacities, denied him medical treatment, allowed his wrist and thumb to be broken, and allowed fellow prisoners to attack him. To the extent the sheriff is sued in his personal capacity, plaintiff has not alleged his personal involvement. To the extent the sheriff is sued in his official capacity, plaintiff has not alleged an official policy that fostered such conduct. Because plaintiff has not made such allegations, Count V is dismissed in its entirety.

To the extent that any claim is barred by the two-year statute of limitations for a cause of action pursuant to §1983, see Ashafa v. City of Chicago, 146 F.3d 459, 461 (7th Cir. 1998), or by the one-year limitations period under the Illinois Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101 (West 2002)), that basis for dismissal is moot as the court has dismissed those arguably time-barred claims on separate bases. Further, a statute of limitations defense generally cannot be raised pursuant to Rule 12(b)(6). See United States v. Northern Trust Co., No. 04-1148 & 604-1150, slip op. at 3 (7th Cir. June 22, 2004).

For the foregoing reasons, the court dismisses all counts of the amended complaint.